**FILED**

JUL 2 0 2026

PAGE 1

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

RENEE WILSON,
Plaintiff,

v.

CITY OF PITTSBURGH; PITTSBURGH BUREAU OF POLICE; PITTSBURGH DOWNTOWN PARTNERSHIP; OFFICE OF THE MAYOR, CITY OF PITTSBURGH; and JOHN DOES 1–10, Defendants.

Civil Action No. 2:26-cv-01531

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Renee Wilson, respectfully moves this Honorable Court for an Emergency Temporary Restraining Order prohibiting the City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, the Office of the Mayor of the City of Pittsburgh, and all persons acting in concert with them from enforcing the Market Square Curfew Policy at any time, including weekends, until either the United States District Court rules on Plaintiff's Motion to Remand filed on July 17, 2026, or the Court of Common Pleas of Allegheny County holds the emergency hearing originally scheduled for Monday, July 20, 2026.

1

---

PAGE 2

I. INTRODUCTION

Plaintiff filed an Emergency Petition for Injunctive Relief in the Court of Common Pleas of Allegheny County. The state court scheduled an emergency hearing for July 20, 2026. On Friday, July 17, 2026, Plaintiff filed a Motion to Remand and related emergency filings in state court.

Defendants then filed a Notice of Removal to federal court over the weekend, two days before the scheduled hearing, which had the effect of cancelling the July 20 hearing and preventing

judicial review of the curfew policy. As a result, minors remain exposed to continued enforcement of an unwritten, unauthorized curfew.

Immediate relief is required to preserve the status quo and prevent ongoing constitutional harm.

2

---

PAGE 3

## II. LEGAL STANDARD

A Temporary Restraining Order is appropriate when the movant demonstrates:

1. A likelihood of success on the merits;
2. Irreparable harm absent relief;
3. The balance of harms favors the movant;
4. The public interest supports relief.

Plaintiff satisfies all four elements.

3

---

PAGE 4

## III. ARGUMENT

### A. The Curfew Policy Was Informal Under the Prior Administration

Under the Gainey Administration, the Market Square youth-management plan was informal, community-based, non-punitive, and not enforced as a curfew. Police were instructed to engage youth, not detain them. No ordinance authorized a curfew, and no punitive enforcement occurred.

### B. The New Administration Formalized an Unwritten Curfew Without Legal Authority

After the change in administration, the City formalized the program through internal directives, weekend enforcement schedules, coordination with the Pittsburgh Downtown Partnership, and increased police presence. Officers began removing minors, questioning them without parental presence, and threatening detention.

This formalization occurred without any ordinance, any City Council approval, any public notice, or any legal authority. The City effectively created an unwritten curfew.

4

---

PAGE 5

C. Plaintiff Is Likely to Succeed on the Merits

The formalized curfew violates constitutional rights, including freedom of movement, assembly, parental rights, equal protection, and due process. The policy is vague, selectively enforced, and unauthorized by law.

D. Plaintiff and Minors Face Irreparable Harm

Minors have been subjected to weekend harassment, questioning, removal, and intimidation. Constitutional violations constitute irreparable harm. The cancellation of the July 20 hearing leaves minors unprotected.

E. The Balance of Harms Favors Plaintiff

Halting enforcement of an unlawful curfew causes no harm to the City. Continuing enforcement causes significant harm to minors and families.

5

---

PAGE 6

F. The Public Interest Supports Immediate Relief

The public interest is served by protecting constitutional rights and preventing unlawful police conduct.

G. A TRO Is Necessary to Preserve Both Courts' Authority

Because Plaintiff filed her Motion to Remand on July 17, 2026, before removal, the state court's jurisdiction was already invoked. Defendants' removal was timed to cancel the July 20 hearing and block emergency relief. A TRO is necessary to ensure that either court can hold the hearing Defendants attempted to prevent.

6

---

PAGE 7

IV. REQUESTED RELIEF

Plaintiff respectfully requests that this Court issue a Temporary Restraining Order providing the following relief:

1. Prohibiting the City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh, their officers, agents, employees, and all persons acting in concert with them from enforcing the Market Square Curfew Policy at any time.

2. Prohibiting the City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh from detaining, removing, questioning, or harassing minors in Market Square based solely on age or presence.

3. Suspending all enforcement of the curfew policy by the City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh until the Court of Common Pleas rules on Plaintiff's Emergency Petition for Injunctive Relief.

4. Maintaining this TRO in full force during weekends, holidays, and non-business days.

5. Scheduling an expedited preliminary injunction hearing if necessary.

6. Duration of TRO Pending Federal or State Hearing:
The Temporary Restraining Order shall remain in effect until either:
(a) the United States District Court hears and rules on Plaintiff's Motion to Remand filed on July 17, 2026, or
(b) the Court of Common Pleas of Allegheny County holds the emergency hearing originally scheduled for July 20, 2026.

7

---

PAGE 8

V. CONCLUSION

Respectfully submitted,


Renee Wilson
Plaintiff
Pittsburgh, PA
Dated: July 20, 2026

8

---

PAGE 9

[PROPOSED] TEMPORARY RESTRAINING ORDER

AND NOW, this  day of July, 2026, upon consideration of Plaintiff's Emergency Motion for Temporary Restraining Order, it is hereby ORDERED:

1. The City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh, their officers, agents, employees, and all persons acting in concert with them are ENJOINED from enforcing the Market Square Curfew Policy at any time.

2. The City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh are ENJOINED from detaining, removing, questioning, or harassing minors in Market Square based solely on age or presence.

3. All enforcement of the Market Square Curfew Policy by the City of Pittsburgh, the Pittsburgh Bureau of Police, the Pittsburgh Downtown Partnership, and the Office of the Mayor of the City of Pittsburgh is SUSPENDED until the Court of Common Pleas rules on Plaintiff's Emergency Petition for Injunctive Relief.

IT IS SO ORDERED.


United States District Judge

Date: _

9

---

PAGE 10

EXHIBIT A — DECLARATION OF RENEE WILSON

I, Renee Wilson, declare under penalty of perjury:

1. I filed a Motion to Remand on July 17, 2026.
2. The state court scheduled an emergency hearing for July 20, 2026.
3. Defendants removed the case over the weekend to cancel that hearing.
4. Removal prevented judicial review and left minors exposed to harm.
5. A TRO is necessary to preserve the status quo.

Executed July 20, 2026.


Renee Wilson

10

---

PAGE 11

PLAINTIFF'S OBJECTION TO REMOVAL AND REQUEST FOR IMMEDIATE REMAND

Plaintiff, Renee Wilson, respectfully submits this Objection to Removal and requests that this Honorable Court immediately remand this matter to the Court of Common Pleas of Allegheny County. Removal is defective, untimely, jurisdictionally improper, and was filed for the purpose of cancelling a scheduled state-court emergency hearing.

11

---

PAGE 12

I. REMOVAL IS JURISDICTIONALLY DEFECTIVE

No federal question exists. No diversity exists. Plaintiff's claims arise solely under Pennsylvania law. Defendants identify no federal statute or cause of action that confers jurisdiction under 28 U.S.C. § 1331 or § 1332.

Removal is improper under 28 U.S.C. § 1441.

12

---

PAGE 13

II. REMOVAL WAS FILED TO CANCEL THE JULY 20, 2026 HEARING

The Court of Common Pleas scheduled an emergency hearing for July 20, 2026. Plaintiff filed her Motion to Remand on July 17, 2026, before removal. Defendants removed the case over the weekend to stop the hearing.

Removal was used as a tactical device to avoid judicial review.

13

---

PAGE 14

III. REMOVAL CONTAINS CONTRADICTORY SERVICE CLAIMS

Defendants' Notice of Removal contains inconsistent statements regarding service and timing, demonstrating that removal was rushed and defective.

14

---

PAGE 15

IV. REMOVAL LEFT MINORS EXPOSED TO ONGOING HARM

By cancelling the July 20 hearing, removal prevented judicial review and left minors exposed to unconstitutional enforcement of an unwritten curfew.

15

---

PAGE 16

V. REMAND IS REQUIRED UNDER 28 U.S.C. § 1447(c)

Because removal is defective and filed in bad faith, remand is mandatory.

16

---

PAGE 17

VI. CONCLUSION

Plaintiff respectfully requests:

1. Immediate remand;
2. Restoration of the July 20 hearing;
3. Rejection of Defendants' removal.


Renee Wilson
Plaintiff
Dated: July 20, 2026

17

---

PAGE 18

PROOF OF SERVICE

I served the following defendants:

City of Pittsburgh Law Department
414 Grant Street
Pittsburgh, PA 15219

Pittsburgh Bureau of Police Legal Unit
1203 Western Avenue
Pittsburgh, PA 15233

Pittsburgh Downtown Partnership
One Oxford Centre
301 Grant Street, Suite 150
Pittsburgh, PA 15219

Office of the Mayor, City of Pittsburgh
414 Grant Street, Fifth Floor
Pittsburgh, PA 15219


Renee Wilson

18

---

PAGE 19

CERTIFICATE OF SERVICE

I certify that on July 20, 2026, I served a true and correct copy of Plaintiff's filings upon all defendants by mail.


Renee Wilson

19

---

PAGE 20

FEDERAL FILING COVER LETTER (OPTIONAL)

July 20, 2026
Clerk of Court
U.S. District Court
Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

Re: Wilson v. City of Pittsburgh, et al.
Civil Action No. 2:26-cv-01531

Dear Clerk:

Please file the enclosed Emergency Motion for Temporary Restraining Order, Objection to Removal, Proposed Order, Declaration, and Exhibits.

Respectfully,
Renee Wilson

*Renee W*

July 20th 2024