**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:26-cv-01531-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff's Motion (**Doc. 3**) for a temporary restraining order ("TRO") will be denied.

TROs are a form of extraordinary relief, appropriate in the rarest of circumstances.  This is so

because they are entered without notice to the adverse party.  To show that a TRO is appropriate,

Plaintiff is required to submit an affidavit or verified complaint "clearly show[ing] that

immediate and irreparable injury, loss, or damage will result . . . before the [opposing] party can

be heard in opposition"; and she must "certif[y] in writing [her] efforts . . . to give notice"

to Defendants "and the reasons why [notice] should not be required."  Fed. R. Civ. P.

65(b)(1)(A)-(B).  Here, Defendants can, and have, received notice of Plaintiff's request.

The TRO vehicle is unavailable, and the request is **DENIED**.

Plaintiff's Motion (**Doc. 3**) to remand also is without merit.  She contends that

"[n]o federal question exists," and that the removal was "filed for the [improper] purpose of

cancelling a scheduled state-court emergency hearing."  *Id.* at ECF-header pg. 6 of 10.  Plaintiff

alleges violations of the United States Constitution, however, and she specifically references the

federal enabling statute, Section 1983.  2d Am. Pet. (Doc. 1-2) at Count I.  A review of the state

court docket contains no reference to an emergency hearing—and, even if one was scheduled,

this has no bearing on Defendants' right of removal.  Either removal is permitted or it is not, and the Court cannot strike-down removal because it results in the cancellation of state court proceedings.

That aside, emergency injunctive relief cannot be granted on this record.  Among other things, the Court has doubts regarding Plaintiff's standing to assert claims on behalf of anyone other than herself; she has failed to offer financial security "in an amount that [is] proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," Fed. R. Civ. P. 65(c); and she has not made a "clear showing of immediate irreparable injury."  *Compare* Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (requiring same, citation to quoted source omitted) *with* 2d Am. Pet. (Doc. 1-2) at ¶¶ 68-69 (Plaintiff's grievances relate to events transpiring on June 18 through June 20, 2026).[1]

Plaintiff has not shown that remand is warranted, and her Motion (**Doc. 3**) is **DENIED**. IT IS SO ORDERED.


July 21, 2026                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 Chief United States District Judge


cc (via First-Class U.S. Mail):

Renee Wilson
2037 Wylie Avenue
Pittsburgh, PA  15219


cc (via ECF email notification):

All Counsel Currently of Record

---

[1]  While Plaintiff asserts that the policy in question, an alleged curfew, has continued in force, she offers only conclusory allegations to this effect.  *See id.* at ¶ 68-69.